LexisNexis File & Serve

| Submitted By: | Court | Plaintiff | Defendant |
| --- | --- | --- | --- |

### Case History Search
Search Created:
Friday, September 23, 2011 09:38:39 MDT

Printable Version

Close

This transaction is included in your subscription, therefore **you will not be charged.**

| | | | | | |
| --- | --- | --- | --- | --- | --- |
| **Court:** | CO Denver County District Court 2nd JD | **Judge:** | Hoffman, Morris B | **File & Serve Live Date:** | 8/25/2011 |
| **Division:** | 280 - Division 280 | **Case Number:** | 2011CV5953 | **Document(s) Filed:** | 6 |
| **Case Type:** | Sexual Harrassment | **Case Name:** | MOBLEY, SARA vs. LEGAL HELPERS DEBT RESOLUTION LLC et al | **Date Range:** | All |

Choose an action:  -- Select --     [ · ]  Go  |  Show 50 [ · ] records

1-4 of 4 transactions   <<Prev Page 1 of 1 Next>>

| Transaction | ▼ Date/Time | Option | Case Number Case Name | Authorizer Organization | Document Type | Document Title | Size |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 39673866 | 9/6/2011 5:52 PM MDT | File Only | 2011CV5953 MOBLEY, SARA vs. LEGAL HELPERS DEBT RESOLUTION LLC et al | Darold W Killmer, Killmer Lane & Newman LLP | Waiver of Service | Waiver of Service of Summons and Complaint [view] | 0.1MB |
| | | | | | Waiver of Service | Waiver of Service of Summons and Complaint [view] | 0.1MB |
| | | | | | Waiver of Service | Waiver of Service of Summons and Complaint [view] | 0.1MB |
| 39513141 | 8/26/2011 1:39 PM MDT | File Only | 2011CV5953 MOBLEY, SARA vs. LEGAL HELPERS DEBT RESOLUTION LLC et al | Darold W Killmer, Killmer Lane & Newman LLP | Civil Case Cover Sheet | DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT [view] | 0.1MB |
| 39506077 | 8/26/2011 10:10 AM MDT | File And Serve | 2011CV5953 MOBLEY, SARA vs. LEGAL HELPERS DEBT RESOLUTION LLC et al | Morris B Hoffman, CO Denver County District Court 2nd JD | Order | DELAY REDUCTION ORDER [view] | 0.1MB |
| 🕐 39496640 | 8/25/2011 4:02 PM MDT | File Only | 2011CV5953 MOBLEY, SARA vs. LEGAL HELPERS DEBT RESOLUTION LLC et al | Darold W Killmer, Killmer Lane & Newman LLP | Complaint and Jury Demand | Complaint and Jury Demand [view] | 0.1MB |

1-4 of 4 transactions   <<Prev Page 1 of 1 Next>>

Close

 LexisNexis®

About LexisNexis | Terms & Conditions | Privacy | Customer Support - 1-888-529-7587
Copyright © 2011 LexisNexis®, a division of Reed Elsevier Inc. All rights reserved.



EXHIBIT
1
tabbies®

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Denver City & County Building<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Court telephone: (720) 865-7800 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Aug 25 2011 4:02PM MDT<br>Filing ID: 39496648 ▲ COURT USE ONLY ▲<br>Review Clerk: Matthew Palmer |
| Plaintiff: SARA MOBLEY<br><br>v.<br><br>Defendants: LEGAL HELPERS DEBT RESOLUTION, LLC; MACEY, ALEMAN, HYSLIP & SEARNS; JEFFREY HYSLIP | Case Number: |
| Attorneys for Plaintiff:<br><br>Mari Newman, # 30192<br>Darold W. Killmer, # 16056<br>Lauren L. Fontana, # 40234<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>Phone: 303-571-1000<br>Fax No.: 303-571-1001<br>mnewman@kln-law.com<br>dkillmer@kln-law.com<br>lfontana@kln-law.com | Division: |

## COMPLAINT AND JURY DEMAND

Plaintiff, Sara Mobley, by and through her attorneys, Mari Newman, Darold W. Killmer and Lauren L. Fontana of KILLMER, LANE & NEWMAN, LLP, hereby alleges for her Complaint and Jury Demand as follows:

## I. INTRODUCTION

1. Plaintiff Sara Mobley began working for Defendant Legal Helpers Debt Resolution, LLC ("LHDR") and Defendant Macey, Aleman, Hyslip & Searns ("MAHS") in early December 2009. Ms. Mobley more than adequately performed her job duties during the course of her employment. In August 2010, Ms. Mobley was sexually harassed by Defendant Jeffrey Hyslip, an LHDR and MAHS partner, and subsequently sexually harassed and sexually assaulted by Mark Mancino, an LHDR affiliate. When Ms. Mobley reported this conduct to supervisors, she was told that she was "a big girl" and should handle the situation herself. Ms. Mobley was subsequently retaliated against. In addition, Ms. Mobley expressed concerns

regarding the criminal activities of some LHDR partners and affiliates, resulting in further retaliation. Because of the unbearably hostile work environment at LHDR and MAHS, Ms. Mobley was constructively discharged in November 2010.

## II. PARTIES, JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124(1).

3.      Venue is proper in this Court pursuant to Colo. R. Civ. P. 98(c).

4.      Defendant LHDR is a limited liability corporation headquartered in Chicago, Illinois, with an office located at 303 East 17th Avenue, Denver, Colorado, 80203.

5.      Defendant MAHS is an Illinois law firm doing business as LHDR, with its headquarters in Chicago, Illinois, and an office located at 303 E. 17th Avenue, Denver, Colorado, 80203.

6.      Defendant Jeffrey Hyslip is a resident of Ohio who is a partner in both LHDR and MAHS. He has entered appearances as counsel in at least four cases in the United States District Court for the District of Colorado since the beginning of 2010: 11-cv-730-WDM-CBS, *Leaks v. Nat'l Credit Sys., Inc.*; 10-cv-3090-CMA, *Lozano v. G&A Investigative Svcs., Inc.*; 10-cv-3007-ZLW-MEH, *Gingles v. Receivables Perf. Mgmt., LLC*; and 10-cv-3004-WJM-MEH, *Spears v. Silverman Law Firm, P.C.*

7.      Through his appearances as an attorney in federal court in Colorado, Defendant Hyslip has purposefully availed himself of the advantages of doing business in Colorado.

8.      Plaintiff Sara Mobley has been a resident of, and domiciled in, the State of Colorado during all times relevant to the allegations in this Complaint.

## III. FACTUAL ALLEGATIONS

9.      Ms. Mobley was hired by Defendant LHDR as a Class B partner and member of the joint venture for distressed real estate, specifically loan modifications, in early December 2009.[1]

10.     Defendant LHDR has offices throughout the country and has hundreds of employees.

11.     MAHS is a law firm doing business as LHDR. LHDR is "known as" MAHS in states that do not allow trade names.

12.     Defendant LHDR and/or Defendant MAHS was, at all relevant times, an employer for purposes of Title VII.

---

[1] While Ms. Mobley and LHDR officially signed all paperwork on or around March 23, 2010, Ms. Mobley actually began substantive work for LHDR in December 2009.

13. Ms. Mobley was, at all relevant times, an employee of LHDR and/or MAHS for purposes of Title VII.

14. When Ms. Mobley was hired, Defendants LHDR and MAHS or their agents represented to Ms. Mobley that she would earn approximately $30,000 per month.

15. Defendants LHDR and MAHS were to compensate Ms. Mobley on a per-file basis, paying her $125 for each file she reviewed.

16. During the course of her employment with Defendants LHDR and MAHS, Ms. Mobley reviewed a total of 795 files.

17. Ms. Mobley should have been paid $99,375.00 for her completed file reviews.

18. Defendants LHDR and MAHS only compensated Ms. Mobley for 149 of the 795 files she reviewed, for a total of $18,625.00.

19. Defendants LHDR and MAHS still owe Ms. Mobley $80,750.00 for files she reviewed while employed at LHDR and MAHS.

20. Ms. Mobley dutifully performed all of her assigned tasks as Defendants LHDR and MAHS's employee, fulfilling all responsibilities delegated to her by LHDR and MAHS personnel.

21. In August 2010, Ms. Mobley traveled to Chicago for a debt settlement conference at the direction of and as part of her employment with Defendants LHDR and MAHS.

22. On August 26, 2010, during a conference evening spent in a hotel bar, Defendant Jeffrey Hyslip, LHDR Senior Partner and MAHS partner, made aggressive sexual advances toward Ms. Mobley.

23. Defendant Hyslip reminded Ms. Mobley that he was her Senior Partner and knew her financial situation, and then he asked her "what he could get" for $500 or $1000.

24. Ms. Mobley clearly understood Defendant Hyslip's sexually explicit question as an implied threat.

25. Defendant Hyslip advised Ms. Mobley that she should "add some worth to the firm," and then grabbed her upper thigh, causing a bruise, and told her that he had wanted to "fuck her" ever since he had seen her that morning.

26. Ms. Mobley fought off Defendant Hyslip's sexual advances.

27. Later that same evening, Mark Mancino, an important LHDR affiliate, made an even more violent sexual advance toward Ms. Mobley.

3

28.    After cornering Ms. Mobley, Mr. Mancino informed her that she was "dangerous," and that "businesses and pleasure should not mix," but that because they were going to work together for a long time, they were definitely going to mix pleasure into their business relationship.

29.    Mr. Mancino stated that he was going to "bend [Ms. Mobley] over and fuck [her]" right there.

30.    When Ms. Mobley rejected these advances, Mr. Mancino dragged her across the bar by her upper arm to the entrance of an "employees only" closet.

31.    Mr. Mancino's sexual assault of Ms. Mobley was interrupted by a hotel employee who saw what was happening and intervened.

32.    Mr. Mancino's tight grip on Ms. Mobley's upper arm while he dragged her across the room caused a large bruise around her arm.

33.    When Ms. Mobley returned to her office, she reported both of these incidents of unwanted sexual advances to Jason Searns, LHDR's General Counsel and Senior Partner, and a partner of MAHS.

34.    Mr. Searns had been present when Defendant Hyslip sexually harassed Ms. Mobley.

35.    On August 29, 2010, Ms. Mobley emailed Mr. Searns and further explained Mr. Hyslip's sexual harassment and assault and Mr. Mancino's sexual harassment and sexual assault.

36.    Mr. Searns responded by email the same day and stated, "I realize Mancino is a hound when he drinks, but you are a big girl. You either play it like one of the boys and ignore them, or tell them what they say or attempt to do is inappropriate." No further effort was provided by any Defendant to address the known sexual harassment.

37.    On September 12, 2010, Ms. Mobley sent Mr. Searns a follow-up email, attaching photographs of bruises on her upper thigh and upper arm that resulted from the assaults by Mr. Hyslip and Mr. Mancino.

38.    Mr. Searns again responded the same day via email, and stated, "[a]s a woman, you always have the power to decide what is acceptable. Even if Jeffrey [Hyslip] or Mancino were intoxicated, as I'm sure they were, you should contact them privately regarding their behavior and let them know what will happen if the behavior is repeated EVER."

39.    Neither Mr. Searns nor anyone else at LHDR or MAHS ever took any action to address the sexual harassment Ms. Mobley was facing.

40.    During Ms. Mobley's employment at LHDR and MAHS, she became aware of the criminal associations of some of the people closely associated with, if not employed by, LHDR and MAHS, namely their prior mortgage fraud convictions and ties with organized crime families.

41.    Ms. Mobley expressed her fear that, due to criminal behavior by people closely associated with, if not employed by, LHDR and/or MAHS, the company was engaging in illegal activity to Mr. Searns, who again ignored her concerns.

42.    LHDR and MAHS subsequently retaliated against Ms. Mobley for expressing her concerns about the criminal activities.

43.    Ms. Mobley fully intended to continue working for LHDR and MAHS in a healthy and safe work environment.

44.    The retaliation became so severe, and the work environment became so hostile, that Ms. Mobley had no healthy alternative but to take a medical leave of absence due to stress.

45.    Due to the sexual advances and assaults on Ms. Mobley by both a Senior Partner and a key LHDR affiliate (accompanied by threats of future sexual harassment or retaliation if she rebuffed such advances), LHDR's refusal to take any action to address those issues, and LHDR's and MAHS's retaliation against Ms. Mobley for expressing concerns regarding the partners' illegal activities, Ms. Mobley was forced to conclude that the only fitting response was for her to resign her employment.

46.    Ms. Mobley tendered her letter of resignation on November 2, 2010, explaining that she felt she had no choice but to resign because of the retaliation and hostile work environment.

## IV. STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**42 U.S.C. § 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964, as Amended**
**Hostile Work Environment and Sexual Harassment**
(Against Defendants LHDR and MAHS)

47.    Plaintiff hereby incorporates all of the paragraphs of this Complaint as though fully set forth herein.

48.    Ms. Mobley was subjected to a sexually hostile work environment that materially and adversely affected the terms and conditions of her employment.

49.    Mr. Hyslip, an LHDR and MAHS partner, and Mr. Mancino, an important LHDR affiliate, subjected Ms. Mobley to a hostile work environment by engaging in abusive, intimidating, and offensive conduct toward Ms. Mobley, including physically assaulting her and

making unwanted lewd and offensive sexual commentary, which environment was participated in, encouraged, condoned, and/or tolerated by management of Defendant LHDR.

50. Management at LHDR and MAHS knew or should have known of the sexually hostile environment, and was obligated to take prompt, effective remedial action to eliminate such an environment. Management was present for some of the abusive, intimidating, and offensive actions and was notified orally and in writing by Ms. Mobley of the physical assaults and other offensive actions. Management failed to take action to prevent or remedy the hostile environment.

51. Defendants LHDR and MAHS's conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

52. Defendants' conduct was engaged in with malice or with reckless indifference to the federally protected rights of Plaintiff within the meaning of Title VII.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964, as Amended
### Retaliation
(Against Defendants LHDR and MAHS)

53. Plaintiff hereby incorporates all of the paragraphs of this Complaint as though fully set forth herein.

54. Ms. Mobley was sexually harassed and assaulted by LHDR and MAHS Partner Defendant Hyslip and LHDR affiliate Mr. Mancino, as described herein.

55. Ms. Mobley reported the sexual harassment in writing to Mr. Searns, General Counsel for LHDR and MAHS.

56. As a direct result of Ms. Mobley's opposition to activities prohibited by Title VII, Defendants LHDR and MAHS created a hostile work environment and retaliated against Ms. Mobley, eventually forcing Ms. Mobley to be constructively discharged from her employment with LHDR and MAHS.

57. Defendants LHDR and MAHS are liable for the acts and omissions of their agents and employees. Defendant LHDR and MAHS, either directly or by and through their agents, retailed against Ms. Mobley and caused her severe injuries, damages, and losses.

58. Defendants' conduct was the proximate cause of Plaintiff's injuries, damages, and losses.

59. Defendants' conduct was engaged in with malice or with reckless indifference to the federally protected rights of Plaintiff within the meaning of Title VII.

### THIRD CLAIM FOR RELIEF

6

**Wrongful Discharge in Violation of Public Policy**
(Against Defendants LHDR and MAHS)

60.    Plaintiff hereby incorporates all of the paragraphs of this Complaint as though fully set forth herein.

61.    Defendants LHDR and MAHS retaliated against Ms. Mobley for expressing concerns regarding the illegal activities of their partners and business associates, including their prior mortgage fraud convictions and ties with organized crime.

62.    Defendants LHDR and MAHS retaliated against Ms. Mobley for expressing concerns regarding whether their partners' and business associates' illegal activities meant that the company was engaged in illegal conduct.

63.    The decision to constructively discharge Ms. Mobley was contrary to the clearly expressed public policy of the State of Colorado and the United States, and caused damage to Ms. Mobley.

64.    Defendant's conduct was willful and wanton and attended by circumstances of malice and a reckless disregard for the rights of Ms. Mobley.

65.    As a direct result of Defendant's actions, Ms. Mobley has suffered significant injuries, damages and losses.

## FOURTH CLAIM FOR RELIEF
### Fraud
(Against Defendants LHDR and MAHS)

66.    Plaintiff hereby incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

67.    In order to induce Ms. Mobley to accept employment with Defendants, LHDR and MAHS management represented to Ms. Mobley that she would earn approximately $30,000 per month and that she would be compensated $125 per file she reviewed.

68.    Defendants did not, in fact, intend to compensate Ms. Mobley $30,000 per month or $125 per file she reviewed as had been described to her

69.    Defendants failed to disclose the actual terms of Ms. Mobley's compensation package.

70.    At the time Defendants made those representations (or knowingly failed to disclose material facts), Defendants knew that the representations were false, or made the representations with reckless disregard for their truth or falsity. Defendants failed to disclose the concealed facts with the intent of creating a false impression of the actual facts in Ms. Mobley's mind.

7

71.    Defendants made such material misrepresentations (and/or omissions) with the knowledge that the representations, omissions, or promises would induce Ms. Mobley to rely on them, including her deciding to forego other potentially lucrative employment opportunities.

72.    Defendants knew that Ms. Mobley was ignorant that such representations or promises were false, or that Defendant had failed to disclose material facts.

73.    Defendants intended for Ms. Mobley to rely on the false representations and promises (and/or omissions) to induce her to enter into the business relationship.

74.    Ms. Mobley relied on the false representations, promises, and/or omissions, which resulted in substantial economic damages and other injuries, damages, and losses, including emotional distress and suffering.

75.    Defendants' actions were willful and wanton and made in reckless disregard for the well-being of Ms. Mobley.

## FIFTH CLAIM FOR RELIEF
### Negligent Misrepresentation or Omission
(Against Defendants LHDR and MAHS)

76.    Plaintiff hereby incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

77.    Defendants gave Ms. Mobley false information (and/or omitted material information) about the way she would be compensated and the amount of money she would earn as an LHDR employee.

78.    Defendants gave Ms. Mobley the false information (and/or omitted the material information) in the course of business of inducing Ms. Mobley to accept a position with the company.

79.    Defendants were negligent in obtaining or communicating (and/or failing to disclose) the information.

80.    Defendants gave the information (and/or failed to disclose the material information) with the intent or knowing that Ms. Mobley would act or decide not to act in reliance on the information.

81.    Ms. Mobley reasonably relied upon the information given to her by Defendants and accepted the position.

82.    This reliance on the information supplied by Defendants caused damage to Ms. Mobley.

8

83. Due to Defendants' negligent misrepresentations and/or omissions, Ms. Mobley has been damaged in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### C.R.S. § 8-4-101, et seq., Colorado Wage Act
(Against Defendants LHDR and MAHS)

84. Plaintiff hereby incorporates all of the paragraphs of this Complaint as though fully set forth herein.

85. Defendants were to compensate Ms. Mobley $125 per file she reviewed.

86. Ms. Mobley reviewed a total of 795 files while she was employed by Defendants.

87. Ms. Mobley should have been paid a total of $99,375.00 for the files she reviewed.

88. Defendants only compensated Ms. Mobley for 149 of the 795 files she reviewed, paying her a total of $18,625.00.

89. Defendants failed to pay Ms. Mobley the additional $80,750.00 that she earned reviewing files.

90. Ms. Mobley timely made a written demand for all wages due pursuant to C.R.S. § 8-4-109(3).

91. Plaintiff is entitled to recover her reasonable attorney fees and costs incurred pursuant to C.R.S. §§ 8-16-118 and 8-4-110, and to recover all applicable penalties and other relief under the Colorado Wage Act.

## SEVENTH CLAIM FOR RELIEF
### Assault
(Against Defendant Hyslip)

92. Plaintiff hereby incorporates all of the paragraphs of this Complaint as though fully set forth herein.

93. By using sexual innuendos toward Ms. Mobley, sexually harassing and propositioning her, and physically assaulting her, Defendant Hyslip intended to cause an offensive or harmful physical contact with Plaintiff, or intended to place Plaintiff in apprehension of such conduct.

94. Defendant Hyslip placed Ms. Mobley in apprehension of immediate physical contact when, as described more fully herein, he persisted in propositioning Ms. Mobley despite her continued rejection of his sexual advances; when he reminded Ms. Mobley that he was her Senior Partner and knew her financial situation, and then he asked her "what he could get" for

$500 or $1000, which Ms. Mobley clearly understood as an implied threat; when he advised Ms. Mobley that she should "add some worth to the firm;" and when he grabbed her upper thigh, causing a bruise, and told her that he had wanted to "fuck her" ever since he had seen her that morning.

95.    Defendant Hyslip's contact with Ms. Mobley was harmful and/or offensive and caused Plaintiff substantial injuries, damages, and losses, including severe emotional distress and pain and suffering.

**EIGHTH CLAIM FOR RELIEF**
**Battery**
(Against Defendant Hyslip)

96.    Plaintiff hereby incorporates all of the paragraphs of this Complaint as though fully set forth herein.

97.    Defendant Hyslip's conduct, as described herein, resulted in physical contact with Ms. Mobley. The unwanted and uninvited sexually explicit physical contact included Defendant Hyslip's physical assault of Ms. Mobley when he grabbed Ms. Mobley's upper thigh, causing a bruise.

98.    Defendant Hyslip intended to make harmful or offensive physical contact with Ms. Molbey when he grabbed her upper thigh and told her that he had wanted to "fuck her" ever since he had seen her that morning.

99.    Defendant Hyslip's contact with Ms. Mobley was harmful and/or offensive and caused Ms. Mobley substantial injuries, damages, and losses, including severe emotional distress and pain and suffering.

**NINTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress/Outrageous Conduct**
(Against all Defendants)

100.    Plaintiff alleges and incorporates by reference the allegations in this Complaint as though fully set forth herein.

101.    Defendant Hyslip's behavior – when he persisted in propositioning Ms. Mobley despite her continued rejection of his advances; when he reminded Ms. Mobley that he was her Senior Partner and knew her financial situation, and then he asked her "what he could get" for $500 or $1000, which Ms. Mobley clearly understood as an implied threat; when he advised Ms. Mobley that she should "add some worth to the firm;" and when he grabbed her upper thigh, causing a bruise, and told her that he had wanted to "fuck her" ever since he had seen her that morning – was so outrageous and so extreme that reasonable members of the community would regard such behavior as atrocious, and was done with the intent of causing Ms. Mobley severe emotional distress.

10

102.    Defendant Hyslip knew or should have known that his actions would cause Ms. Mobley severe emotional distress.

103.    Mr. Searns, General Counsel for Defendants LHDR and MAHS, was present during Mr. Hyslip's sexual harassment and assault of Ms. Mobley.

104.    Ms. Mobley subsequently reported both Mr. Hyslip's and Mr. Mancino's sexual harassment and assaults to Mr. Searns orally and in writing.

105.    Defendants LHDR and MAHS's refusal to acknowledge the impropriety of the pervasive sexual harassment of Ms. Mobley essentially sanctioned the atrocious, outrageous, and illegal conduct.

106.    Defendants LHDR and MAHS knew or should have known that their actions would cause Plaintiff severe emotional distress.

107.    No legitimate business interest was served by Defendant Hyslip's or Mr. Mancino's sexual harassment and assaults of Ms. Mobley, nor by Defendants LHDR and MAHS's conduct, which consisted of turning a blind eye to Defendant Hyslip's and Mr. Mancino's pervasive harassment and abuse.

108.    Defendants' described acts were utterly intolerable, and would lead a reasonable member of the community to conclude that their conduct was extreme or outrageous.

109.    As a result of Defendants' conduct, Ms. Mobley has suffered actual economic damages and has suffered other injuries, damages, and losses, including severe emotional distress and pain and suffering.

## TENTH CLAIM FOR RELIEF
### Intentional Invasion of Privacy – Intrusion Upon Seclusion
(Against Defendant Hyslip)

110.    Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

111.    Defendant Hyslip intentionally invaded Ms. Mobley's privacy by physically grabbing her upper thigh in an attempt to coerce Ms. Mobley into agreeing to participate in a sexual relationship with him.

112.    Defendant Hyslip's invasion of Ms. Mobley's privacy would be considered very offensive to a reasonable person.

113.    As a result of Defendant Hyslip's conduct, Ms. Mobley has suffered actual economic damages and has suffered other injuries, damages and losses, including severe emotional distress and pain and suffering.

11

**ELEVENTH CLAIM FOR RELIEF**
**False Imprisonment**
(Against Defendant Hyslip)

114.    Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

115.    Defendant Hyslip intended to restrict Ms. Mobley's freedom of movement and did restrict her freedom of movement when he grabbed her upper thigh tightly enough to cause a bruise while telling her he had wanted to "fuck her" since he had seen her that morning.

116.    Ms. Mobley was aware that her movement was restricted and was extremely uncomfortable with Mr. Hyslip's inappropriate and harassing behavior.

**TWELFTH CLAIM FOR RELIEF**
**Intentional Interference with Contract and/or Prospective Business Advantage**
(Against Defendant Hyslip)

117.    Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

118.    Defendant Hyslip knew of the contractual obligations existing between Ms. Mobley and Defendant LHDR.

119.    Defendant Hyslip was not a party to the contract and/or business relationship between Ms. Mobley and Defendand LHDR.

120.    Defendant Hyslip was aware of the prospective business advantage that Ms. Mobley could enjoy if her relationship with her employer were not improperly interfered with.

121.    Defendant Hyslip intentionally and improperly interfered with the contract and/or business relationship between Plaintiff and her employer.

122.    Defendant Hyslip's conduct deprived Plaintiff of the benefits of the contractual and/or business relationship she had entered into with her employer.

123.    Defendant Hyslip's conduct was willful and wanton and attended by circumstances of malice and reckless disregard for the rights of Plaintiff.

124.    As a direct result of Defendant Hyslip's actions, Plaintiff has suffered significant injuries, damages, and losses.

WHEREFORE, Plaintiff Sara Mobley respectfully requests that this Court enter judgment in her favor and against Defendants, and award her all relief as allowed by law and equity, including, but not limited to, the following:

12

a.   Compensatory damages, including but not limited to those for emotional distress, pain and suffering;

b.   Actual economic damages and consequential damages arising out of Defendant's conduct, including but not limited to back pay and front pay;

c.   Declaratory relief and other appropriate equitable relief;

d.   Punitive damages as allowed by the law;

e.   Pre-judgment and post-judgment interest at the highest lawful rate;

f.   Attorneys fees and costs; and

g.   Such further relief as justice requires.

**PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Dated this 24th day of August 2011.

KILLMER, LANE & NEWMAN, LLP

*s/ Darold W. Killmer*

_____

Mari Newman, #30192
Darold W. Killmer, #16056
Lauren L. Fontana, #40234
1543 Champa Street, Suite 400
Denver, Colorado  80202
(303) 571-1000

ATTORNEYS FOR PLAINTIFF

13

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Denver City & County Building<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Court telephone: (720) 865-7800 | ▲ COURT USE ONLY ▲ |
| Plaintiff: SARA MOBLEY<br><br>v.<br><br>Defendants: LEGAL HELPERS DEBT RESOLUTION, LLC;  MACEY, ALEMAN, HYSLIP & SEARNS; JEFFREY HYSLIP<br><br>———————————————————————<br>Attorneys for Plaintiff:<br><br>Darold W. Killmer, # 16056<br>Mari Newman, # 30192<br>Lauren L. Fontana, # 40234<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>Phone: 303-571-1000<br>Fax No.: 303-571-1001<br>dkillmer@kln-law.com<br>mnewman@kln-law.com<br>lfontana@kln-law.com | Case Number:  **11CV5953**<br><br><br><br>Division: **280** |

### WAIVER OF SERVICE OF SUMMONS AND COMPLAINT

I, Julie Proscia, do hereby certify that I am counsel for Jeffrey Hyslip in this action and am authorized to and do hereby accept service of the Complaint and Jury Demand dated August 25, 2011, along with the attached Civil Cover Sheet, in lieu of service of the Summons and Complaint on Defendant by a certified process server.

DATED this 6th day of September, 2011.

SMITH AMUNDSEN LLC

Julie Proscia, Esq.
SMITH AMUNDSEN LLC
3815 East Main Street Suite A-1
St. Charles, Illinois 60174
(630) 587-7911 (phone)

| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Denver City & County Building<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Court telephone: (720) 865-7800 | ▲ COURT USE ONLY ▲ |
|---|---|
| Plaintiff: SARA MOBLEY<br><br>v.<br><br>Defendants: LEGAL HELPERS DEBT RESOLUTION, LLC; MACEY, ALEMAN, HYSLIP & SEARNS; JEFFREY HYSLIP<br><br>_____<br><br>Attorneys for Plaintiff:<br><br>Darold W. Killmer, # 16056<br>Mari Newman, # 30192<br>Lauren L. Fontana, # 40234<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>Phone: 303-571-1000<br>Fax No.: 303-571-1001<br>dkillmer@kln-law.com<br>mnewman@kln-law.com<br>lfontana@kln-law.com | Case Number:  **11CV5953**<br><br><br><br>Division: **280** |
| **WAIVER OF SERVICE OF SUMMONS AND COMPLAINT** ||

I, Julie Proscia, do hereby certify that I am counsel for Legal Helpers Debt Resolution in this action and am authorized to and do hereby accept service of the Complaint and Jury Demand dated August 25, 2011, along with the attached Civil Cover Sheet, in lieu of service of the Summons and Complaint on Defendant by a certified process server.

DATED this _6th_ day of _September_, 2011.

SMITH AMUNDSEN LLC

Julie Proscia, Esq.
SMITH AMUNDSEN LLC
3815 East Main Street Suite A-1
St. Charles, Illinois 60174
(630) 587-7911 (phone)

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Denver City & County Building<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Court telephone: (720) 865-7800 | ▲ COURT USE ONLY ▲ |
| Plaintiff: SARA MOBLEY<br><br>v.<br><br>Defendants: LEGAL HELPERS DEBT RESOLUTION, LLC; MACEY, ALEMAN, HYSLIP & SEARNS; JEFFREY HYSLIP | Case Number: **11CV5953** |
| Attorneys for Plaintiff:<br><br>Darold W. Killmer, # 16056<br>Mari Newman, # 30192<br>Lauren L. Fontana, # 40234<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>Phone: 303-571-1000<br>Fax No.: 303-571-1001<br>dkillmer@kln-law.com<br>mnewman@kln-law.com<br>lfontana@kln-law.com | Division: **280** |

### WAIVER OF SERVICE OF SUMMONS AND COMPLAINT

I, Julie Proscia, do hereby certify that I am counsel for Macey, Aleman, Hyslip & Searns in this action and am authorized to and do hereby accept service of the Complaint and Jury Demand dated August 25, 2011, along with the attached Civil Cover Sheet, in lieu of service of the Summons and Complaint on Defendant by a certified process server.

DATED this 6th day of September, 2011.

SMITH AMUNDSEN LLC

Julie Proscia, Esq.
SMITH AMUNDSEN LLC
3815 East Main Street Suite A-1
St. Charles, Illinois 60174
(630) 587-7911 (phone)

| | |
|---|---|
| **Denver District Court**<br>**Denver County, Colorado**<br>**Court Address: 1437 Bannock St., Rm. 256, Denver, CO 80202** | |
| **MOBLEY, SARA**<br>**Plaintiff(s)**<br>v.<br><br>**LEGAL HELPERS DEBT RESOLUTION LLC et al**<br>**Defendant(s)** | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Aug 26 2011 10:10AM MDT<br>▲ Filing ID: COURT USE ONLY ▲<br>Review Clerk: Matthew Palmer<br><br>**Case Number: 11CV5953**<br>**Courtroom: 280** |
| **DELAY REDUCTION ORDER** | |

I.    All civil courtrooms are on a delay reduction docket. Deadlines that must be met are:

1.    <u>Service of Process</u>: Returns of Service on all defendants shall be filed within 60 days after the date of the filing of the complaint.

2.    <u>Default Judgment</u>: Application for default judgment shall be filed within 30 days after default has occurred.

3.    <u>Trial Setting</u>: Plaintiff shall serve a Notice to Set in the case for trial and shall complete the setting of the trial within 30 days from the date the case becomes at issue. A case shall be deemed "at issue" when all parties have been served and have filed all pleadings permitted by C.R.C.P. 7, or defaults or dismissals have been entered against all non-appearing parties, or at such other time as the court shall direct.

The court will consider extending these time periods upon timely filing of a motion showing good cause.

IF AN ATTORNEY OR <u>PRO SE</u> PARTY FAILS TO COMPLY WITH PART I OF THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE. THIS ORDER SHALL BE THE INITIAL NOTICE REQUIRED BY RULE 121, SECTION 1-10, AND RULE 41(B)(2).

II.    Plaintiff shall send a copy of this order to all other parties who enter an appearance.

III.   Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form available at http://www.courts.state.co.us/Courts/District/Index.cfm/District_ID/2 or in Room 256 of the City and County Building.

Date:   August 26, 2011                                      BY THE COURT:

                                                             /s/Morris Ben Hoffman
                                                             District Court Judge
                                                             Denver District Court

cc:    Plaintiff(s) or Plaintiff(s) Counsel

| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Denver City & County Building<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Court telephone: (720) 865-7800 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Aug 26 2011 1:39PM MDT<br>Filing ID: 39513141<br>▲ COURT USE ONLY ▲<br>Review Clerk: Sara Bridges |
|---|---|
| Plaintiff: SARA MOBLEY<br><br>v.<br><br>Defendants: LEGAL HELPERS DEBT RESOLUTION, LLC;  MACEY, ALEMAN, HYSLIP & SEARNS; JEFFREY HYSLIP<br><hr>Attorneys for Plaintiff:<br><br>Darold W. Killmer, # 16056<br>Mari Newman, # 30192<br>Lauren L. Fontana, # 40234<br>1543 Champa Street, Suite 400<br>Denver, CO 80202<br>Phone: 303-571-1000<br>Fax No.: 303-571-1001<br>dkillmer@kln-law.com<br>mnewman@kln-law.com<br>lfontana@kln-law.com | Case Number:  **11CV5953**<br><br><br><br>Division: **280** |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** ||

1.    This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case.  It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2.    Check the boxes applicable to this case.

❑  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

☒ Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because (check one box below identifying why 16.1 does not apply):

  ❑ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

☒ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)), **or**

  ❑ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. ☒ This party makes a **Jury Demand** at this time and pays the requisite fee.  See C.R.C.P. 38.  (Checking this box is optional.)

Respectfully submitted this 26th day of August 2011.

    KILLMER, LANE & NEWMAN, LLP

    *s/ Darold W. Killmer*

    Darold W. Killmer, #16056
    Mari Newman, #30192
    Lauren L. Fontana, # 40234
    1543 Champa Street, Ste. 400
    Denver, CO  80202
    (303) 571-1000

    ATTORNEYS FOR PLAINTIFF

---

**NOTICE:**
✓ This cover sheet must be filed in all District Court Civil (CV) Cases.  Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.
✓ This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.
✓ This cover sheet shall not be considered a pleading for purposes of C.R.C.P. 11.

2