IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02497–MSK–KMT

SARA MOBLEY,

    Plaintiff,

v.

LEGAL HELPERS DEBT RESOLUTION, LLC,
MACEY, ALEMAN, HYSLIP & SEARNS, and
JEFFREY HYSLIP,

    Defendants.

## ORDER

    This matter is before the court on "the Parties' Stipulated Motion to Modify Scheduling Order" [Doc. No. 48] filed September 26, 2012.

    This case was originally removed to this court over a year ago, on September 23, 2011. [Doc. No. 1.] On December 13, 2011, a Scheduling Order was entered setting discovery and dispositive motions deadlines in June and July, 2012. The court extended those dates to October 1, 2012, for the conclusion of discovery and November 1, 2012, as the deadline to file dispositive motions based on the parties' representations concerning private mediation.

    The parties now seek an additional two month extension based on the fact that they engaged in partially successful mediation and apparently gave themselves a stay of discovery during that period even in light of the specific refusal of the court to grant a stay. [Doc. No. 43.]

Judge Krieger's Practice Standards provide

II.G. Motions for Extension of Time
   Motions for extensions of time are governed by FED. R. CIV. P. 6; D.C.COLO.LCivR 6.1 and 7.1A; and D.C.Colo.ECF Proc. V.L.2. Motions will be denied if they do not comply with these rules. To be granted, such motions require a showing of good cause. Unless the circumstances are unanticipatable and unavoidable, the following do not constitute good cause: inconvenience to counsel or parties, press of other business, scheduling conflicts (especially when more than one attorney has entered an appearance for a party), or agreements by counsel. Please be aware that requested extensions of time, even if stipulated, may be denied if the extension adversely affects the scheduling of the case or other cases. In addition, if extensions are granted, they may prevent the determination of the matter prior to a scheduled hearing or trial.

MSK Civ. Practice Standard, II.G.

Further, Judge Krieger issued specific Orders in this case stating,

[r]equests for modification of deadlines set by the Scheduling Order will be referred to the Magistrate Judge for resolution. However, any request to extend the dispositive motion deadline more than 30 days beyond the deadline originally set in the initial Scheduling Order must show exceptional circumstances warranting the extension.

District Judge Marcia S. Krieger Trial Preparation Order - Civil [Doc. No. 20] at 2.

Such a showing has not been made in this case.  The parties were specifically advised on July 24, 2012, that the case was not stayed because the parties had not made a proper showing under *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006).  At this point, they <u>also</u> have not shown exceptional circumstances warranting the extension of the dispositive motions deadline, which has already been extended once previously for the purpose of allowing the parties to engage in settlement negotiations.  [Doc. No. 43.]

2

Therefore, "the Parties' Stipulated Motion to Modify Scheduling Order" [Doc. No. 48] is GRANTED in part and DENIED in part. The discovery cut off date is extended to November 1, 2012. The dispositive motions deadline will remain as previously scheduled, November 1, 2012.

Dated this 27th day of September, 2012.

BY THE COURT:

*Kathleen M. Tafoya*
United States Magistrate Judge